IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WHIPPLE INDUSTRIES, INC., | ) | No. CV-F-05-0902 REC SMS |
| | ) | |
| Plaintiff, | ) | ORDER (1) DENYING |
| | ) | PLAINTIFF'S MOTION FOR |
| vs. | ) | RELIEF FROM JUDGMENT AND |
| | ) | (2) DENYING PLAINTIFF'S |
| OPCON AB; LYSHOLM TECHNOLOGIES | ) | SUPPLEMENTAL MOTION FOR |
| AB; OPCON, INC.; & DOES 1-25, | ) | RELIEF FROM JUDGMENT. |
| inclusive, | ) | |
| | ) | (Docs. 29 & 33) |
| Defendants. | ) | |
| | ) | |

On January 23, 2006, the Court heard Plaintiff's Motion for Relief from Judgment and Supplemental Motion for Relief from Judgment.  Upon due consideration of the written and oral arguments of the parties, the Court DENIES the motions as set forth below.

**I.  Background**

Plaintiff Whipple Industries Inc. ("Plaintiff"), a California corporation, filed suit in Fresno County Superior Court against Opcon Autorotor AB, a Swedish corporation; Lysholm

1

Technologies, AB ("Lysholm"), a Swedish Corporation; and Opcon Inc., a subsidiary of Opcon AB, a New York corporation with its principal place of business in Connecticut (collectively "Defendants"). Defendants removed the case to federal court based on diversity. Defendants are not citizens of California and the amount in controversy is in excess of $75,000.

This action involves a dispute over a distribution agreement for screw superchargers used in internal combustion engines. Lysholm is the manufacturer of these screw superchargers. Whipple became a distributor of the screw superchargers in North America to customers other than original equipment manufacturers ("OEM") pursuant to the "Aftermarket Agreement" of February 26, 1999, between Whipple and Lysholm (the "Agreement"). The Agreement was to remain in effect at least through December 31, 2007.

Whipple alleges that beginning in May 2004 Lysholm failed to fill Whipple's orders for superchargers and thereby breached the Agreement. Compl. ¶ 34. Whipple also alleges that Defendants are selling superchargers to manufacturers who are not OEMs as defined in the agreement, which is a further breach of the Agreement. Compl. ¶ 37. The Complaint contains causes of action for breach of contract, specific performance and unfair competition and seeks declaratory and injunctive relief.

Defendants filed a motion to dismiss on July 18, 2005. Defendants argued that venue is improper based on a forum selection clause in the Agreement. Defendants asserted that the

1  Agreement requires claims be made in the courts of Sweden.
2  Plaintiff disputed the existence of a forum selection clause and
3  asserted that even if such a clause exists it should not be
4  enforced because the Agreement contravenes California public
5  policy and the convenience factors weigh in favor of keeping the
6  action in the United States.
7       On September 8, 2005, the Court issued its Order Granting
8  Defendants' Motion to Dismiss (Doc. 5) ("Order") and directed the
9  clerk to enter judgment for the Defendants.  The Court held that
10 the forum selection clause required the parties to litigate the
11 matter in Sweden and that enforcing the clause did not deny
12 Plaintiff its day in court or violate the public policy of
13 California.
14      On November 16, 2005, Plaintiff filed a Motion for Relief
15 from Judgment ("Motion"), claiming that its former counsel had
16 mistakenly failed to present arguments that would have caused it
17 to prevail in opposing Defendants' motion to dismiss.  On
18 December 7, 2005, Plaintiff filed its Supplemental Motion to
19 Entertain Rule 60(b) Motion for Relief from Judgment
20 ("Supplemental Motion"), contending that the Court's order had
21 been based on a misrepresentation by Defendants.  Defendants
22 opposed the Motion and Supplemental Motion, claiming that no
23 basis exists for the Court to relieve Plaintiff from the previous
24 judgment.
25 **II.  Discussion**
26      Federal Rule of Civil Procedure 60(b) provides, in relevant

3

part,

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff seeks relief under Rule 60(b)(1) and (6) based on its former counsel's failure to raise certain arguments and under Rule 60(b)(3) based on an alleged misrepresentation by Defendants.

### A. Prior Counsel's Failure to Raise Arguments and Present Evidence

Plaintiff argues that it made an "error of law" entitling it to relief under Rule 60(b)(1). Plaintiff claims that its prior counsel

> mistakenly failed to raise a critical argument: that the After-Market Agreement between WHIPPLE and Defendants is a franchise agreement and, as a matter of California law, the forum selection clause is void. Moreover, prior counsel failed to address the fact that enforcement of the forum selection clause requiring the matter to be adjudicated in Sweden will effectively deprive WHIPPLE of its day in court.

Mot. at 2:12-16. Plaintiff goes on to claim that "it was not WHIPPLE's fault that the Court was not presented with the proper evidence to deny the Defendants' Motion . . . ." Mot. at 3:3-4. Plaintiff asks the Court to relieve it from the previous judgment

4

and reconsider the merits of Defendants' motion to dismiss in light of new legal arguments and new declarations.

The Ninth Circuit has held that "'[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).'" Engleson v. Burlington N. R.R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992) (quoting Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 607 (7th Cir. 1986)). The catch-all provision in Rule 60(b)(6) also does not apply to a party's errors of law.[1] PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983). The negligence of a party's attorney is attributed to the party in the context of a Rule 60(b) motion. United States v. Manos, 56 F.R.D. 655, 660 (S.D. Ohio 1972) (citing Link v. Wabash R.R., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

Reliance on an unsuccessful legal theory is not grounds for granting a Rule 60(b) motion. Federal's, Inc. v. Edmonton Inv.

---

[1] The Ninth Circuit has allowed the losing party to obtain relief under Rule 60(b)(6) where an attorney's conduct is "grossly negligent" to the point that he has "virtually abandoned" his client. Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002) (relief granted where attorney failed to make court appearances, file pleadings, and oppose motions); see also Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667, 670-71, 674-75 (C.D. Cal. 2003) (attorney's failure to produce certain discovery was not gross negligence under Tani where attorney had made court appearances, filed necessary pleadings, and responded to some discovery). Plaintiff does not allege gross negligence by its former counsel that amounts to extraordinary circumstances under Rule 60(b)(6). Plaintiff does not contend — nor do the facts support a contention — that his attorney "virtually abandoned" him. Plaintiff's assertion that his former attorney failed to make two arguments that could have been the basis for prevailing on the motion to dismiss do not establish gross negligence.

Co., 555 F.2d 577, 583 (6th Cir. 1977). This is because the deliberate choice of a legal theory is not the type of mistake that Rule 60 contemplates. Id. Nor is the failure to submit evidence that was then available to the party in opposition to a motion grounds for relief under Rule 60(b). School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (plaintiffs' failure to submit with its opposition to summary judgment documents that could have established defendants' liability was not grounds for relief from judgment); Bank of Am. Nat'l Trust & Sav. Ass'n v. Mamakos, 509 F.2d 1217, 1219 (9th Cir. 1975) (plaintiff's failure to raise an argument in opposition to summary judgment motion indicated that denial of motion for relief from judgment was proper).

Plaintiff cites no authority, and the Court has found none, that authorizes relief from judgment because of failure to present a particular legal theory or supporting evidence. Plaintiff's failure to make what it claims was a winning argument, and to submit evidence supporting that theory, is not grounds for relief from judgment under Rule 60(b).

Furthermore, even if Plaintiff's error were the type for which Rule 60(b) provides relief, Plaintiff would not be entitled to such relief because it has failed to give any reasons why its actions were justified. Party seeking relief must show why it was justified in failing to avoid the mistake or inadvertence. 11 Charles Alan Wright, et al., Federal Practice and Procedure 276-77 & n. 18 (2d ed. 1995); see Martella v. Marine Cooks &

6

1  Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971); Employers Mut.
2  Cas. Co. v. Key Pharm., 886 F. Supp. 360, 363 (S.D.N.Y. 1995)
3  (party's "failure to focus" on the correct applicable law was did
4  not amount to "exceptional circumstances" justifying relief under
5  Rule 60(b)).  Plaintiff has given no reason that justifies its
6  counsel's failure to raise these arguments in its initial
7  opposition brief.  The mere contention that this failure was a
8  mistake, without a showing of justification, is not grounds for
9  granting Rule 60(b) relief.

10     Accordingly, Plaintiff's motion for relief from judgment
11 under Rule 60(b)(1) and (6) is DENIED.

### B. Relief from Judgment Based on Defendants' Alleged Misrepresentations

14     Plaintiff asks the Court to relieve it from the judgment
15 granting Defendants' motion to dismiss on the basis that the
16 Court's action was based on Defendants' misrepresentation.
17 Federal Rule of Civil Procedure 60(b)(3) permits a losing party
18 to obtain relief from judgment on the basis of "fraud . . .,
19 misrepresentation, or other misconduct of an adverse party."  In
20 order to obtain relief from a final judgment on such grounds, the
21 moving party must show that the judgment was "obtained through"
22 the alleged misconduct.  De Saracho v. Custom Food Mach., Inc.,
23 206 F.3d 874, 880 (9th Cir.), cert. denied, 531 U.S. 876, 121 S.
24 Ct. 183, 148 L. Ed. 2d 126 (2000).  The moving party must also
25 establish the conduct prevented it from fully and fairly
26 presenting its case in the earlier action.  Id.  The moving party

is not entitled to relitigate the previous action merely because he believes the judgment to be incorrect. Id. (citing In re M/V Peacock on Complaint of Edwards, 809 F.2d 1403, 1405 (9th Cir. 1987)).  "The moving party bears a heavy burden under Fed. R. Civ. P. 60(b)(3), as the motion 'cannot be granted absent clear and convincing evidence of material misrepresentations . . . .'" Speaks v. Donato, 214 F.R.D. 69, 77-78 (D. Conn. 2003) (citing Fleming v. N.Y. Univ., 865 F.2d 478, 484 (2d Cir. 1989)).

Plaintiff contends that the forum selection clause is unenforceable because it will result in the enforcement of section 5[2] of the Agreement, which it claims violates the public

---

[2]Section 5 of the Agreement provides:

> 5.   TECHNICAL ASSISTANCE AND NON-COMPETITION
> Lysholm will provide Whipple with reasonable technical assistance . . . including copies of Lysholm's proprietary drawings and specifications if needed.  Whipple must keep in confidence any proprietary information whether or not marked or otherwise noted or referred to as being confidential - including written or oral information . . . .  Whipple must not disclose any information concerning Lysholm's proprietary information to any other person or entity without Lysholm's prior written consent.  During the term of this Agreement and for three years after the termination of this Agreement, Whipple must not manufacture superchargers for combustion engines for which Lysholm or Eaton sold screw superchargers at any time during this Agreement, except as specifically permitted in this Agreement.  After the termination of this Agreement Whipple must not use any proprietary information furnished to it by Lysholm and shall promptly return all such information to Lysholm, upon Lysholm's request.

Hasselström Decl. Supp. Defs.' Mot. to Dismiss Ex. A § 5.

8

policy of California.  Plaintiff contends that Defendants made a misrepresentation when they stated in their reply brief supporting their motion to dismiss, "Since Lysholm is not attempting to enforce paragraph 5 in this action, Plaintiff's argument is based on an illusory dispute."[3]  Reply in Supp. of Mot. to Dismiss at 7:13-15.  It is undisputed that, following the entry of judgment in this case, Defendant Lysholm sent Plaintiff a letter demanding that Plaintiff comply with section 5.  Defs.' Opp'n to Supp. Mot. at 2:11-12.

It appears that Plaintiff characterizes Defendants' statement that it "is not attempting to enforce paragraph 5" as a representation that it would not ever attempt to enforce that provision.  The language and context of the representation does not bear out this interpretation.  The representation comes in the context of Defendants' argument that Plaintiff had failed to show that enforcing the forum selection clause contravenes California's public policy.

Defendants state various reasons why Plaintiff's public-policy claim fails.  Defendants point out that "it is far from certain" that a California court would refuse to enforce section 5.  Id. at 6:24-27.  Defendants also argue that Plaintiff's claim is "based solely on the assumption that" a Swedish court would enforce that section.  Id. at 7:10-13.  As further support of the speculative nature of Plaintiff's claim, Defendants point out

---

[3]Defendants occasionally refer to section 5 of the Agreement as "paragraph 5."

9

1  that "there are no facts alleged which would show that Lysholm is
2  attempting to enforce paragraph 5 of the Agreement." Id. at 7:6-
3  7.  Defendants then go on to assert that "Lysholm is not
4  attempting to enforce paragraph 5 in this action . . . ." Id. at
5  7:14.  In the following sentence, Defendants state that
6  "Plaintiff has submitted no evidence that a Swedish court could
7  not justly decide the ***real disputes here***, that is, the breach of
8  contract and unfair competition claims asserted by Plaintiff."
9  Id. at 7:15-17.  Defendants' argument appears to be that
10 Plaintiff had not shown that the Court would decide the
11 enforceability of section 5 as part of this action.  Nowhere did
12 Defendants represent that they would not eventually enforce
13 section 5 or that they lacked the intent to enforce section 5 in
14 the future.  Rather, Defendants appear to contemplate the
15 possibility of the enforceability of section 5 arising in later
16 proceedings in a court of California or Sweden.  Plaintiff has
17 not shown by clear and convincing evidence that Defendants'
18 statement was a misrepresentation.
19    In any event, the Court's order granting Defendants' motion
20 to dismiss was not based on an understanding that Defendants
21 would never attempt to enforce section 5.  The Court held that
22 Plaintiff's public-policy argument fails as overly speculative
23 for three reasons:  (1) "the court would have to surmise that
24 Whipple will be able to successfully argue that California law
25 applies despite the choice of law provision in the contract"
26 (Order at 22:9-11), (2) "the court would have to assume without

10

supporting authority that Whipple's declaratory relief claim is sufficient absent an attempt to enforce" section 5 (Id. at 23:10-13), and (3) "[n]otably absent from Whipple's arguments is any assertion that Swedish courts are ill-equipped to address the legal issues related to those causes of action" (Id. at 23:16-18).

In reviewing the second reason, the Court distinguished this case from cases where covenants not to compete were found invalid on the ground that in those cases "an action seeking to enforce the covenant not to compete had been filed." See Application Group, Inc. v. Hunter Group, Inc., 61 Cal. App. 4th 881, 887 (1998); Hill Med. Corp. v. Wycoff, 86 Cal. App. 4th 895, 897 (2001).  The Court found Plaintiff's claim speculative because Defendants had not filed a lawsuit seeking to enforce section 5. The Court did not base its ruling on a presumption that Defendants would not attempt to enforce section 5 in a later proceeding.  The Court's statement that "[t]he situation would, of course, be entirely different if Defendants were seeking to enforce the clause" reflects the Court's judgment that a pending action by Defendants to enforce section 5 would make the facts of this case more analogous to those of Application Group and Hill Medical.  Thus, even if Defendants' assertion had the meaning that Plaintiff claims, the Court did not base its judgment on a promise by Defendants to not enforce section 5.  The Court's order dismissing the case was not "obtained through" any misrepresentation.  See De Saracho, 206 F.3d at 880.  Therefore,

11

Plaintiff has failed to show that Defendants have made a misrepresentation that entitles it to relief from judgment under Rule 60(b)(3).

**ACCORDINGLY:**

1. Plaintiff's Motion for Relief from Judgment based on its prior counsel's failure to raise certain arguments and present certain evidence is DENIED.

2. Plaintiff's Supplemental Motion for Relief from Judgment based on Defendants' alleged misrepresentations is DENIED.

IT IS SO ORDERED.

**Dated:  January 31, 2006**                    ____/s/ Robert E. Coyle____
810ha4                                          UNITED STATES DISTRICT JUDGE

12